UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMARCUS MORTON,<br><br>  Plaintiff,<br><br>   v.<br><br>WADE SMOUS, et al.,<br><br>  Defendants. | CAUSE NO. 3:23-CV-854-JD-JEM |

OPINION AND ORDER

Demarcus Morton, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Morton alleges that, on May 15, 2023, he entered an auto sales business and asked to drive a truck. Wade Smous gave him the key to the truck and gave him consent to drive it. He drove off the lot, and Smous then called the police and reported the vehicle as stolen. Morton was arrested by Antonio Rodriguez. Although the police report allegedly indicates that Wade Smous admitted he gave Morton permission to

drive the truck and handed him the keys, prosecutor Andrew A. Krumwied charged Morton with auto theft, a level six felony.

As an initial matter, Morton cannot proceed against Andrew A. Krumwied, a St. Joseph County Prosecutor, because he is immune from suit. Prosecutors are entitled to immunity for their actions in the criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

Morton likewise cannot proceed against Antonio Rodriguez. To prevail on a false arrest claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest[.]" *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Here, the complaint alleges that Smous falsely reported the truck as stolen and later admitted his report was false. But, at the time of Morton's arrest, it does not appear that Officer Rodriguez had any reason to

2

doubt the trustworthiness of the information he was provided: that the vehicle had been stolen. Therefore, the complaint does not state a claim against Antonio Rodriguez.

Morton also sued Smous for allegedly making a false report leading to his arrest and criminal charges. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). The facts in the complaint do not permit an inference that Smous was acting under color of law. Therefore, he cannot proceed on a federal claim against Smous.

To the extent that Morton may have a state law claim against Smous, this court will not exercise jurisdiction over that claim in the absence of a federal claim. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Morton may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726,

738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Demarcus Morton until **November 21, 2023**, to file an amended complaint; and

(2) CAUTIONS Demarcus Morton if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 17, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4