UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEMARCUS MORTON,

    Plaintiff,

        v.                                   CAUSE NO. 3:23-CV-854-JD-JEM

WADE SMOUS,

    Defendant.

## OPINION AND ORDER

Demarcus Morton, a prisoner without a lawyer, filed an amended complaint. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Morton's allegations are essentially the same as in his earlier complaint. ECF 1. He alleges that he was shopping for a vehicle at Header Auto Sales on May 15, 2023. He asked the sales manager, Wade Smous, to drive a vehicle. The battery in the vehicle he wanted to drive was dead. Smous had an employee jump the battery, but Smous determined that the vehicle needed a new battery. Morton continued to look at vehicles while the battery was replaced. When the employee was done installing the new

battery, he told Morton he could drive the vehicle. Morton took the vehicle for a drive. Smous called the police and made a false report that resulted in Morton's arrest.

In his earlier complaint, Morton sued Smous, the officer that arrested him, and a prosecutor. This court explained that he could not proceed against either the officer or the prosecutor. ECF 4. The court also explained that, "[i]n order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). The facts in the original complaint did not permit an inference that Smous was acting under color of law, and he was not granted leave to proceed on a federal claim against Smous.

The court further explained that, to the extent that Morton may have a state law claim against Smous, this court would not exercise supplemental jurisdiction over that claim in the absence of a federal claim. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

In his amended complaint, Morton has sued only Smous. Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). To avoid dismissal for lack of subject matter jurisdiction, a plaintiff must

demonstrate that either diversity jurisdiction or federal question jurisdiction exists. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). Morton does not allege any facts in his amended complaint that would permit an inference that Smous was acting under color of law. He likewise does not allege facts suggesting that the court has diversity jurisdiction over the claim. For this court to have diversity jurisdiction over Morton's claim, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between Morton and all defendants. *See* 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993)(per curium). Morton has listed Indiana addresses for himself and the defendant, and he has not alleged that either party is a citizen of another state. Nonetheless, because it is unclear whether there is diversity of citizenship, Morton will be given an opportunity to amend his complaint and clarify the basis for subject matter jurisdiction.

If, after reviewing this order, Morton believes he can establish either federal question jurisdiction or diversity jurisdiction, then he can file an amended complaint. However, he is cautioned that, if he cannot satisfy the requirements of either federal question jurisdiction or diversity jurisdiction, it would be futile to amend his complaint.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Demarcus Morton;

(2) GRANTS Demarcus Morton until **February 22, 2024**, to file an amended complaint, if he believes he can establish that the court has subject matter jurisdiction over his claim; and

(3) CAUTIONS Demarcus Morton that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice for lack of subject matter jurisdiction.

SO ORDERED on January 23, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT